UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
One Bowling Green
New York, NY 10004

IN RE: Luke Thompson                                    CASE NO.: 10-13377(JMP)
SSN/TAX ID: xxx-xx-0576                                 CHAPTER: 7

**(REVISED) DEBTOR'S NOTICE OF COMPLIANCE and INTENT TO CURE
PRE-PETITION JUDGMENT OF POSSESSION
PURSUANT TO 11 U.S.C. § 362(b)(22) and 362(l)**

PLEASE BE ADVISED THAT the debtor, Luke Thompson (hereinafter referred to as the debtor), of 689 Stony Hill Rd., #4, Yardley, PA 19067, filed for bankruptcy relief under chapter 7 of the Bankruptcy Code on June 24, 2010.

At the time of filing, the debtor's voluntary petition included a certification listing 1010 Sixth Associates, LLC, of 200 Madison Ave., New York, NY 10016 (hereinafter referred to as the lessor) as the lessor/landlord of the premises in which the debtor resides under a lease or rental agreement. In the certification, the debtor certified that such lessor obtained a judgment of possession with respect to the premises.

The debtor has complied with 11 U.S.C. § 362(l)(1) and General Order M-385, in that the debtor has submitted to the clerk's office, along with the filed certification, the following: (a) a money order, *made payable to the lessor*, in the amount of $1.00 which the debtor certifies is the amount of rent that is to become due during the 30-day period following the filing of the debtor's voluntary petition, and (b) a copy of the judgment of possession.

The debtor **may not** be evicted for a period of thirty (30) days from the date that the debtor filed for bankruptcy, June 24, 2010, without a judicial determination by the Bankruptcy Court.

In order for the debtor to avoid being evicted, the debtor – within the first thirty days after the filing of the petition – must do the following: (1) pay directly to the lessor all money due under the judgment of possession and, (2) after making full payment, file with the clerk, and serve on the lessor, a second certification (in which the debtor certifies that such full payment was made to the lessor).

If the lessor consents to receive the debtor's rental payment that the debtor submitted to the clerk, the lessor should file with the clerk (at the above address) a consent, *within 14 days* of the date of this notice, along with the lessor's current mailing address.

If the lessor objects to either certification, the lessor should file an objection, *within 14 days* of the date of this notice or the date of the second certification, with the clerk at the above address.

If the lessor files an objection, the court will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

If the lessor does not respond *within 14 days* of the date of this notice, the rental payment that the debtor submitted to the clerk will be mailed to the lessor's address as it is listed in the debtor's first certification.

Dated: June 30, 2010                                    Vito Genna

                                                        Clerk of the Court